## Will de Laney v. The State.

No. 8486.   Decided June 4, 1924.

Rehearing denied June 27, 1924.

### 1.—Manufacturing Intoxicating Liquor—Indictment.

Where the indictment charged that appellant unlawfully manufactured spirituous, vinous, and intoxicating liquor, and malt liquor and medicated bitters, capable of producing intoxication, the same is sufficient. Following: Travinio v. State, 92 Texas Crim. Rep., 142.

### 2.—Same—Continuance—Want of Diligence.

Where no explanation is given in not issuing process, which according to the record was issued more than six weeks after the filing of the indictment the diligence is insufficient.

### 3.—Same—Confession—Evidence—Predicate.

Where appellant complained of the introduction of the written confession, but this court finds no fault in the document or in the predicate for its introduction, there is no reversible error.

### 4.—Same—Search Warrant—Evidence.

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in admitting the testimony of the officers with reference to the matters found on the premises because there was no search warrant. Following: Welchek v. State, 93 Texas Crim. Rep., 271.

### 5.—Same—Bills of Exception—Peremptory Instructions.

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in refusing to give peremptory instructions for acquittal under the facts of the instant case, or to give a charge on circumstantial evidence.

### 6.—Same—Charge of Court—Possession—Still.

There was no error in refusing to charge the jury that if others had possession of or owned the still to acquit the defendant.

### 7.—Same—Argument of Counsel—Bill of Exceptions.

Where the bill of exceptions complaining of the argument of State's counsel was not approved by the trial judge, there was no reversible error.

### 8.—Same—Rehearing—Final Sentence—Practice on Appeal—Jurisdiction.

Where, in the motion for rehearing, the court's attention was drawn to the absence from the record of the sentence of the appellant, the appeal must be dismissed for want of jurisdiction.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Callaway, Short & Callaway,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years. No brief is furnished.

We fail to observe any defect in the indictment rendering erroneous the refusal of the motion to quash. The indictment charged that appellant unlawfully manufactured "spirituous, vinous and intoxicating liquor, and malt liquor and medicated bitters capable of producing intoxication." See Travinio v. State, 92 Texas Crim. Rep., 142, on motion for rehearing.

The indictment was filed in August. The case was tried on the 27th of October. It was first set for September 26th and postponed upon the motion of the appellant. In the second application, a continuance was sought on account of the absence of the appellant's wife and brother-in-law, Lee Caldwell. Subpoena was issued on the 13th day of October. It had not been served though the sheriff's return shows that he traveled many miles in an effort to execute it. The court, in qualifying the bill, says that Caldwell was out of the county, but the length of his absence is not revealed. There was a doctor's certificate showing the sickness of the appellant's wife. However, no affidavit from her was produced either at the time of the application or upon the motion for rehearing. No explanation is given of the delay in issuing the subpoena, which according to the record, was issued more than six weeks after the filing of the indictment.

Officers found upon the premises of the appellant a quantity of whisky and apparatus for making it, which equipment was complete and showed evidence of recent use. Appellant, in his written confession, admitted that he had made whisky on several recent occasions with the apparatus which he had ordered from Chicago. He introduced no testimony save that showing that as a law-abiding citizen he bore a good reputation. His wife, according to the averments in the application, would have testified that the whisky and still did not belong to him. The diligence to secure the attendance of the witnesses was manifestly insufficient. The merits of the application are not such as would warrant this court in holding that the learned

trial judge abused his discretion in refusing to continue because of the testimony of the absent witnesses. Taking note of the other facts in the case, they are not such as rendered it probable that with the witnesses present there would have been a different result.

The record contains two bills of exception complaining of the introduction of the written confession. We observe no fault in the document or in the predicate for its introduction. It is apparently prepared in accord with Article 810, C. C. P., and the bills as qualified, as well as the proof, show that it was voluntarily made.

There are seven bills of exception, all of which have been examined. In some of them is advanced the proposition that because there was no search-warrant or effective search-warrant, the testimony of the officers with reference to the matters found on the premises should be excluded. This question has been decided adversely to the appellant's contention in Welchek's case, 93 Texas Crim. Rep., 271.

Some of the bills relate to the refusal of the court to give peremptory instructions. They are without merit.

There was no error in refusing to charge upon circumstantial evidence. The confession of the appellant apparently took the case out of the domain of circumstantial evidence.

There was no error in refusing to charge that if others had possession of or owned the still, an acquittal should result. Whatever interest they may have had in it, appellant's confession so connected him with the transaction, as did the other testimony, as to justify the verdict rendered.

The bill complaining of the argument bears no approval of the trial judge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1924.

MORROW, PRESIDING JUDGE.—In the motion for rehearing our attention is drawn to the absence from the record of the sentence of the appellant. Attached to the motion is the affidavit of the clerk of the court to the effect that no sentence was entered in the case. The sentence is the final judgment and its entry is essential to give jurisdiction to this court on appeal from the conviction of a felony less than capital. See Art. 894, C. C. P; Vernon's Tex. Crim. State., Vol. 2, p. 870, and cases collated.

The motion for rehearing is granted, the affirmance heretofore entered is set aside, and the appeal ordered dismissed.

*Dismissed.*