JIM JONES V. THE STATE.

No. 10038.   Delivered March 24, 1926.

**Possessing Mash—Suspended Sentence—Not Final Judgement.**

Where a conviction is had in a District Court, and the defendant has been given a suspended sentence, under the terms of our statute relative to suspended sentence, it has been held, such a judgment is not final, and cannot be appealed from, and this court is without jurisdiction in this case, and the appeal must be dismissed. Following Bierman v. State, 73 Tex. Crim. Rep. 284 and Hill v. State, 242 S. W. 982.

Appeal from the District Court of Camp County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for possessing mash for the purpose of making intoxicating liquor; penalty, one year in the penitentiary.

*J. A. Guest* and *Everett Bryson* of Pittsburg, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Camp County for possessing mash for the purpose of making intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant was given a suspended sentence, notwithstanding which he filed a motion for new trial and gave notice of appeal. Under the terms of our statute relative to suspended sentence it has been held that in a case where one receives such sentence the judgment is not final and cannot be appealed from. Bierman v. State, 73 Texas. Crim. Rep., 284; Hill v. State, 242 S. W. Rep. 982.

There being no final judgment in this case from which appeal can be properly taken, this court is without jurisdiction, and the appeal must be dismissed, and it is accordingly so ordered.

*Dismissed.*