And again in section 899, Id., the same eminent text-writer further says:

"While this power (of pardon) is not inherent in any office and may be lodged whereever the people determine, if once it has been conferred by the constitution (elsewhere) it cannot be exercised by the legislature."

We have no doubt that the act of the Thirty-Ninth Legislature under consideration could be upheld as to all persons offered as witnesses in cases comprehended by the terms of said statute, whose final convictions occurred after the passage of said act, and that in such cases the witnesses would be deemed competent; but being convinced that the objection made in the instant case to the testimony of persons finally convicted of felonies prior to the passage of such act rested upon a sound basis, and that the Legislature by said act was powerless to remove such disabilities theretofore attached, we now hold that, while our former opinion was correct in its reasoning, it did not reach or dispose of the contention of appellant as herein discussed. We therefore hold that the Legislature exceeded its power in so far as said act contained in chapter 13, supra, related to the witnesses herein and those similarly situated. The motion for rehearing must be granted, the affirmance set aside, and the judgment of conviction is now reversed and the cause remanded.

## POENICH v. STATE.   (No. 12088.)

Court of Criminal Appeals of Texas.   Dec. 19, 1928.

Peden & Peden, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.   Conviction for failure to stop and render aid; punishment, confinement in the county jail for a period of 90 days.

The offense charged against this appellant is a felony.   See article 47, P. C.   To give this court jurisdiction of an appeal in a felony case there must be a sentence.   De Laney v. State, 98 Tex. Cr. R. 98, 263 S. W. 1065.   We find in this record no sentence.

We are without jurisdiction to determine the matters involved.   The appeal will be dismissed.