Lee Roy Millican v. The State.

No. 22238. Delivered November 4, 1942.
Rehearing Denied January 6, 1943.

The opinion states the case.

*Dabney & Dabney*, of Eastland, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

In October, 1939, appellant was charged by proper indictment with the offense of burglary. On that date he entered his plea of guilty before the district judge of that county, and upon a judgment of guilt he was given a term of five years in the penitentiary, and his sentence was suspended during good behavior. However, on February 19, 1941, this same appellant was again brought into the same court, and, upon a plea of not guilty, he was by a jury convicted of a felony,—driving an automobile while intoxicated. This latter cause was appealed to this court and same was affirmed. See Millican v. State, 157 S. W. (2d) 357, a rehearing thereof being denied on January 7, 1942. Thereafter, on March 3, 1942, the appellant was presented before the district judge in a hearing for the revocation of the suspended sentence in the above mentioned burglary case. In such hearing the district judge revoked the suspended sentence, and entered a judgment sentencing appellant to the State penitentiary for a period of not less than two nor more than five years. From this latter judgment this appeal is based.

At the time of the 1939 conviction of appellant for the crime of burglary the right of an appeal from such judgment to this court was allowed by virtue of the statute, Art. 776, et seq., C. C. P.

In line with the decisions of this court, wherein it was held that no final judgment was had in such cases of suspended sentence,— see Art. 779 C. C. P. (prior to its recent amendment),— this appellate court held that upon the entry of a final judgment revoking such suspended sentence, such trial in which the sentence was suspended became appealable, and not before

such revocation. See Jones v. State, 103 Texas Cr. R. 589, 281 S. W. 1072; Bierman v. State, 73 Texas Cr. R. 284; Hill v. State, 243 S. W. 982.

It has been often held by this court that upon a final judgment revoking a suspended sentence, the right of appeal would lie to this court and not at an earlier date. This holding by virtue of the fact that the statute gave a right of appeal in such suspended sentences.

The right of an appeal in a criminal case is not fixed by the Constitution, and is not mentioned except therein where is set forth the jurisdiction of the Court of Criminal Appeals. Art. V, Sec. 5 of the State Constitution reads, in part, as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law. * * *."

In its Regular Session in 1941, the 47th Legislature saw fit to change the procedure relative to the revocation of suspended sentences, and amended Arts. 777 and 779 of the Code of Criminal Procedure, and, among other things, substituted for old Art. 779 a new article found on page 1334, Chapter 602. This new article 779 contains, among other things, the following relating to appeals from a revocation of a suspended sentence:

"* * * and in such cases no new trial shall be granted in the first conviction, nor shall the validity or finality of the first conviction be attacked by appeal or otherwise, and no right of appeal shall exist to test the validity of the judgment of conviction, sentence upon which was suspended."

It is contended, however, by appellant, first, that the right of appeal is fundamental, and every conviction, upon a final judgment, is appealable, and, second, that such a statute as the act of the 47th Legislature, supra, is an ex post facto law, and as such is prohibited by virtue of the State Constitution, Art. 1, Sec. 16.

An ex post facto law, in criminal matters, is defined by Justice Wheeler in the case of Holt v. State, 2 Texas Reports, page 363, as follows:

"The prohibition as to ex post facto laws, Constitution Art. 1, Section 14, has been held to extend only to a law which makes an act done before its passage and which was innocent when done, criminal; or which aggravates a crime and makes it greater than when committed; or which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed; or which alters the legal rules of evidence and receives less, or different testimony than the law required at the time of the commission of the offense, in order to convict the offender, 1 Kent, 408; 3 Dall, 386; 1 Blackf, 193; 6, Cranch, 138."

We find that the above definition of an ex post facto law is followed in many of the states of the Union, the leading case laying down such doctrine, being that of Calder v. Bull, 3 U. S. 386, 1 L. Ed. 648, decided by Justice Chase in 1798, and same seems to have been consistently followed since then in numerous opinions. See Permanent Edition Words & Phrases, Vol. 15, pages 734 and 735.

The right of appeal was not given by the Constitution, but was by it committed to the legislative body to award as it saw fit. Such body saw fit to give the right of appeal for many years to persons whose suspended sentences had been revoked. Upon their belief of an abuse thereof, fancied or real, the 47th Legislature saw fit to not allow an appeal from the original judgment wherein the suspension of sentence was granted, and we see no reason valid in law why they did not have the power to do so. The duty was placed by the Constitution upon such body to provide by law for such appeals as to their judgment might seem proper. There is no mandate in the Constitution telling them to provide for appeals in all cases, and it is said in 4 C. J. S., p. 61, that:

"While the law has usually considered it an essential right of a suitor to have his rights examined in tribunals superior to those in which he considers himself aggrieved, and the litigant's right to appeal in some form, unless it is specifically denied, is among the incidents of a court of record, yet, in finality, if there is no constitutional requirement with reference thereto, the right of review is usually dependent entirely upon statute, as is the right of appeal (see sec. 18 infra). Stated more fully, the right of review pertains merely to the remedy, and it is not a natural, inherent, or vested right, but exists

only as a legislative privilege to be granted or withheld as seems best to the lawmaking body. Accordingly, in the absence of constitutional inhibition it is within the power of the legislature to prescribe the cases in which parties shall be entitled to bring a cause for review, to prescribe the courts to which causes shall be brought, and to impose such conditions and restrictions as it may see fit, even when federal rights or questions are involved."

We do not think the withdrawal of the right of a belated appeal infringes upon the constitutional inhibition of the passage of ex post facto laws, nor do we think the right of appeal is fundamental. The right to fix appeals being committed to the legislature by the Constitution, such body had the right to give, and having given, would have the right to take away.

At the time this appeal was attempted to be had, the legislature,—in its recent enactment, which took effect ninety days after July 3, 1941,—had taken away any right of appeal to this court of the judgment of date October 12, 1939.

In view of our above holding it will be unnecessary to further write relating to the sufficiency of the testimony on the original trial for burglary.

The appeal is therefore dismissed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In challenging the correctness of our conclusion that no right of appeal existed in this case, appellant makes clear his position, which he states in his motion for rehearing, as follows:

"The appellant in this cause contends and maintains that the right of appeal exists by virtue of the constitution and independent of the Legislature." Such contention is made, notwithstanding the express limitation contained in Section 5, Article 5, of the State Constitution, as follows:

"— — — — — — with such exceptions and under such regulations as may be prescribed by law"; and the repeated holdings of this court contrary to appellant's views. See: Ex parte Bennett, 211 S. W. 934, 85 Tex. Cr. R. 315; De Silva

v. State, 267 S. W. 271, 98 Tex. Cr. R. 499; Wright v. State, 163 S. W. 976, 73 Tex. Cr. R. 178; Powell v. State, 269 S. W. 443; 99 Tex. Cr. R. 276; Ex parte Minor, 27 S. W. (2d) 805, 115 Tex. Cr. R. 634; Ex parte McKenzie, 29 S. W. (2d) 771, 115 Tex. Cr. R. 315.

We have no doubt as to the correctness of our conclusion that, in this State, the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute.

In our original opinion, we held that the 1941 amendment of Arts. 777 and 779, C. C. P., being Chapter 602, Acts Regular Session 47th Legislature, was not, on its face, an ex post facto law.

We now discuss the question from the standpoint as to whether or not the amendment was ex post facto as applied to the facts of the instant case. In doing so, it is deemed pertinent to set out the happenings and events as they transpired, in chronological order, as follows:

On September 4th, 1939, appellant was indicted for the felony offense of burglary with intent to commit the crime of theft. On October 12th, 1939, he was convicted of said offense, with punishment assessed at five years in the penitentiary. Sentence therefor was suspended for the term assessed. On October 24th, 1940, appellant was indicted for the then felony offense of driving an automobile upon a public highway while intoxicated. On February 19th, 1941, he was convicted of that offense, and his punishment was assessed at a fine of $50.00 and thirty days in jail. From this conviction he appealed to this court. Such appeal was determined by an affirmance of the conviction, on the 9th day of January, 1942. As a result of the final conviction of such felony, during the period of the suspension of sentence under the burglary charge, appellant was brought before the district court, on March 4th, 1942, when the suspended sentence was revoked and sentence finally passed, under the burglary conviction. It is from this sentence that appellant has attempted to appeal in this cause.

Prior to March 4th, 1942, appellant was not in position to appeal from the burglary conviction, because no right of appeal from a conviction is authorized while sentence thereon is sus-

pended. Thomas v. State, 219 S. W. 1100, 87 Tex. Cr. R. 153; Gallier v. State, 182 S. W. 306, 78 Tex. Cr. R. 534; Lamkin v. State, 136 S. W. (2d) 225, 138 Tex. Cr. R. 311.

In a felony case, it is only when sentence has been finally passed that the right of appeal exists, as a valid sentence is a prerequisite to confer jurisdiction upon this court. Skinner v. State, 274 S. W. 133, 101 Tex. Cr. R. 68; Wilkes v. State, 273 S. W. 258, 100 Tex. Cr. R. 369; De Laney v. State, 98 Tex. Cr. R. 68, 263 S. W. 1065.

The amendment heretofore mentioned, which expressly precluded an appeal when sentence was passed after revoking a suspended sentence, took effect in October, 1941, which was long prior to March 4th, 1942, and, therefore, was not ex post facto as applied to the facts of this cause, because it did not alter or change any right that the appellant had prior to its adoption. Appellant had no right of appeal in the burglary case, prior to March 4th, 1942, and, by the amendment, had none thereafter.

We remain convinced of the correctness of our conclusion that no right of appeal exists in this case.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.