COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-492-CR
  
  
MARISSA 
YVONNE TREVINO                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
   
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION*
 
------------
        Appellant 
Marissa Yvonne Trevino appeals the trial court’s judgment adjudicating her 
guilty of the offense of possession of methamphetamine of one gram or more but 
less than four grams and sentencing her to four years’ confinement.  In a 
single point, she claims that her due process rights under the Texas 
Constitution were violated when her probation was revoked pursuant to code of 
criminal procedure article 42.12, section 5.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5 (Vernon Supp. 2004-05).  Appellant argues that the statute is facially 
unconstitutional because it implements a total restriction on appellate 
complaints involving the trial court’s decision to adjudicate.  The court 
of criminal appeals has held that the Texas Constitution does not provide a 
right to appellate review of criminal convictions; the Legislature therefore may 
properly limit or even deny the right to appeal a criminal conviction 
entirely.  Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); see 
also Henderson v. State, 132 S.W.3d 112, 114 (Tex. App.—Dallas 2004, no 
pet.).  Consequently, the statutory denial of the right to appeal as set 
forth in article 42.12, section 5(b) is not facially unconstitutional.  Phynes, 
828 S.W.2d at 2. We overrule Appellant’s point and affirm the trial court’s 
judgment.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DAUPHINOT, 
J. filed a dissenting opinion.
 
PUBLISH
 
DELIVERED: 
April 21, 2005
 
 


 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-492-CR
 
  
MARISSA 
YVONNE TREVINO                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------

FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------
 
DISSENTING OPINION
 
------------
        I 
write separately to point out that the Texas Constitution does create the right 
to appeal,[1] and it is that document which gives our 
legislature the authority to place limits on that right.[2]
        As 
I have stated previously,
   
The cornerstone of the restricted appeal from an adjudication hearing is not 
that the right to appeal is a legislatively created right, as this court has 
erroneously stated in the past.  Rather, it is that the 
constitutionally-grounded right to appeal may be regulated by the legislature.[3]  Specifically, "in this state, the right of 
appeal is conferred only by the Constitution, with such exceptions or 
limitations as the legislature directs by statute."[4]   
Constitutional guarantees of due process and equal protection require that once 
the right to appeal a criminal conviction exists, it must be fairly applied.[5]
 
 
        The 
legislature has prohibited a defendant's questioning the decision to adjudicate.[6]   The legislature has not prohibited his 
challenging the procedure, that is, the propriety of the conduct of the 
adjudication hearing.  Were we to continue blindly to adhere to the notion 
that there are no constitutional limits to the legislature's authority to 
regulate appeals, we would be forced to hold that the legislature could write 
into every statute it passes that there could be "no appeal challenging the 
constitutionality of this statute."
        To 
hold that the legislature may suspend all constitutional guarantees to persons 
on deferred adjudication community supervision invites capricious and arbitrary 
decisions to adjudicate.[7]  The law is well 
established that, in a criminal case, defendants are entitled to due process in 
community supervision[8] and parole revocation[9] hearings.  Similarly, section 5(b) "does not 
deprive this Court of jurisdiction to determine if a 'hearing' was held that 
satisfied the requirements of substantive and procedural due process."[10]  As an appellate court, we must ensure that 
constitutional protections are honored.  In doing so, we are obligated to 
entertain claims regarding the constitutionality of a statute or constitutional 
violations in the statute's application.
        I 
would hold that Appellant may challenge the admissibility of evidence at the 
adjudication hearing as well as the legal sufficiency of the evidence to prove a 
violation.  The courts have already recognized that a defendant may 
challenge the impartiality of the judge and the fairness of the proceeding.[11]  But once it is clear that a defendant’s due 
process interests were adequately protected, the decision to adjudicate, lying 
within the sound discretion of the judge, may not be appealed.
        Because 
the majority relies on the mistaken premise that the Texas Constitution does not 
provide a right to appellate review of criminal convictions in summarily holding 
that article 42.12, section 5(b) is not facially unconstitutional, I 
respectfully dissent.
    
    
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
 
  
PUBLISH
 
DELIVERED: 
April 21, 2004


NOTES
* 
 Majority by Justice Walker; Dissent by Justice 
Dauphinot
  

Dissenting Opinion Notes
1.  
Tex. Const. art. V, § 5(a), (b).
2.  
Id.
3.  
Rinaldi v. Yeager, 384 U.S. 305, 310, 86 S. Ct. 1497, 1500 (1966); Phynes 
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).
4.  
Millican v. State, 145 Tex. Crim. 195, 167 S.W.2d 188, 191 (1943) (op. on 
reh’g).
5.  
Small v. State, 977 S.W.2d 771, 776-77 (Tex. App.—Fort Worth 1998, no 
pet.) (Dauphinot, J., concurring).
6.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2004-05).
7.  
Of course, a writ of habeas corpus under Article 11.07 of the Texas Code of 
Criminal Procedure is always available, but it seems an unnecessary burden to 
place on the Texas Court of Criminal Appeals.
8.  
See Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 
(1973); Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 
1979).
9.  
See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972).
10.  
Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 
1987, no pet.); see Gilbert v. State, 852 S.W.2d 623, 625-26 (Tex. 
App.—Amarillo 1993, no pet.) ("[A]rt. 42.12, § 5(b) . . . is not 
intended to preclude challenges to all of the rulings a trial court may 
potentially make in the course of a deferred adjudication proceeding. . . 
.  The adjudication hearing must provide a defendant with minimum 
substantive and procedural due process protection."); Goins v. State, 
826 S.W.2d 733, 735 (Tex. App.—Houston [14th Dist.] 1992, no pet.); see 
also Homan v. Hughes, 708 S.W.2d 449, 452 (Tex. Crim. App. 1986) 
("Nothing in Art. 42.12, supra, prohibits appeal of matters unrelated to 
the determination of guilt after a deferred adjudication.  In fact, a plain 
reading of the germane section indicates just the opposite."); Wright v. 
State, 592 S.W.2d 604, 605 (Tex. Crim. App. [Panel Op.] 1980); Earley v. 
State, 855 S.W.2d 260, 261-63 (Tex. App.—Corpus Christi 1993), pet. 
dism'd, improvidently granted, 872 S.W.2d 758 (Tex. Crim. App. 1994); De 
Leon v. State, 797 S.W.2d 186, 187-88 (Tex. App.—Corpus Christi 1990, no 
pet.) ("[A] body of decisional law has developed to allow a defendant to 
raise limited challenges to the trial court's decision to adjudicate.").
11.  
See, e.g., Earley, 855 S.W.2d at 262-63.