COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-352-CR
  
  
MICHAEL 
JOSEPH TATUM                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION *
 
------------
I. Introduction
        Appellant 
Michael Joseph Tatum appeals from his conviction for the offense of indecency 
with a child by sexual contact. In his sole point, appellant argues that the 
trial court abused its discretion by admitting a business record affidavit and 
case notes from the Michigan Department of Corrections, which the State offered 
to prove that appellant failed to comply with the conditions of his community 
supervision. We affirm the judgment of the trial court.
II. Background Facts
        Appellant 
entered a negotiated plea of guilty to the offense of indecency with a child by 
sexual contact. See Tex. Penal 
Code Ann. § 21.11(a)(1) (Vernon 2003). Under that agreement, the trial 
court placed appellant on deferred adjudication community supervision for ten 
years. On January 28, 2004, the State filed its first amended petition to 
proceed to adjudication, alleging that appellant had violated several conditions 
of his community supervision.
        At 
the portion of the revocation hearing regarding the decision to proceed to an 
adjudication of guilt, the State offered State’s Exhibit One, which consisted 
of a business record affidavit and case notes from the Michigan Department of 
Corrections.[1]  The case notes stated, among 
other things, that appellant violated the conditions of his community 
supervision by changing residences without registering as a sex offender, 
failing to attend classes as part of his sex offender treatment program, and 
residing in a household in which a child lives without first obtaining 
permission from his community supervision officer. Appellant objected, arguing 
that the exhibit was hearsay and that its admission violated his right of 
confrontation as guaranteed by the United States and Texas Constitutions. See 
U.S. Const. amend. VI; Tex. Const. art. I, § 10. The trial 
court overruled appellant’s objections and admitted the exhibit.
        The 
State then called its only witness, Parker County Community Supervision Officer 
Steven Dover, who testified that appellant failed to make several court-ordered 
payments for court costs and restitution.[2]  He 
also testified that he explained to appellant that appellant could not reside in 
a household where children live without first obtaining permission from the 
appropriate community supervision officer.[3]  
After finding that appellant violated the terms of his community supervision, 
the trial court found appellant guilty of indecency with a child by sexual 
contact.
        At 
the punishment phase of the hearing, the State recalled Dover, who testified 
that appellant did poorly on his sex offender treatment program while he was in 
Michigan. Again, appellant objected, arguing that because Dover was testifying 
from the previously-objected-to exhibit, he was testifying from hearsay. The 
trial court overruled appellant’s objection and assessed his punishment at ten 
years’ confinement.
III. Analysis
        Appellant 
argues that the trial court abused its discretion by considering the exhibit 
both during its determination of whether to proceed to adjudication as well as 
in the punishment phase of the hearing. Appellant contends that the admission of 
the exhibit violated his confrontation rights as guaranteed by the U.S. and 
Texas Constitutions and by the Supreme Court in Crawford v. Washington. See 
U.S. Const. amend. VI; Tex. Const. art. I, § 10; Crawford v. 
Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004).
A. Decision to Proceed to Adjudication
        According 
to article 42.12, section 5(b) of the Texas Code of Criminal Procedure, a 
defendant who has been placed on deferred adjudication community supervision and 
who is later accused of violating a condition of his community supervision “is 
entitled to a hearing limited to the determination by the court of whether it 
proceeds with an adjudication of guilt on the original charge. No appeal may be 
taken from this determination.” Tex. 
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
        In 
the present case, appellant’s first objection to the admissibility of the 
exhibit in the adjudication phase related to the trial court’s decision to 
adjudicate his guilt. Article 42.12, section 5(b) denies appellant the right to 
appeal this decision. See id.; Connolly v. State, 983 S.W.2d 738, 739 
(Tex. Crim. App. 1999); Johnson v. State, 147 S.W.3d 656, 656 (Tex. 
App.—Amarillo 2004, no pet.). Therefore, we dismiss appellant’s point to the 
extent that it relates to the admission of the exhibit during the trial 
court’s determination of whether to proceed to adjudication.[4]  
See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).
B. Punishment
        Although 
article 42.12 denies a defendant the right to appeal from the trial court’s 
decision to adjudicate, nothing prohibits him from appealing issues that arise 
during the punishment phase of the hearing. See Kirtley v. State, 56 
S.W.3d 48, 51 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 880, 
885 (Tex. Crim. App. 2001); McGee v. State, 124 S.W.3d 253, 256 (Tex. 
App.—Fort Worth 2003, pet. ref’d); Jonesv. State, 39 S.W.3d 691, 693 
(Tex. App.—Corpus Christi 2001, no pet.); Amaro v. State, 970 S.W.2d 
172, 173 (Tex. App.—Fort Worth 1998, no pet.). However, a defendant must still 
preserve his complaint for appellate review by presenting to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999); Salazar v. State, 131 S.W.3d 210, 214 
(Tex. App.—Fort Worth 2004, pet. ref’d). Further, the complaint made on 
appeal must comport with the complaint made in the trial court, or the error is 
forfeited. See Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. 
Crim. App. 2004); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 
1996), cert. denied, 522 U.S. 827 (1997); Rezac v. State, 782 
S.W.2d 869, 870 (Tex. Crim. App. 1990).
        At 
the punishment phase of the hearing, the State recalled Dover, who testified 
that appellant did poorly on his sex offender treatment program while he was in 
Michigan. The following exchange occurred:
   
[DEFENSE 
COUNSEL]: Your Honor, I guess I need – if I could object, I guess I need to 
renew my objection that this is hearsay. And we’d ask for a running objection.
  
THE 
COURT: Well I’m not sure what you’re objecting to. You’re objecting to 
this previously admitted Exhibit 1 or are you objecting to something that he’s 
referring to or hearsay just on what he’s saying? What are you specifically 
objecting to?
  
[DEFENSE 
COUNSEL]: I’m specifically objecting to the witness testifying from State’s 
Exhibit No. 1 because he’s testifying from hearsay.
    
Here, 
appellant objected to Dover’s testimony regarding appellant’s performance in 
his sex offender treatment program. Specifically, appellant argued that Dover 
was testifying from the exhibit, which constituted hearsay. On appeal, however, 
appellant contends that the admission of the affidavit denied him his right of 
confrontation.
        A 
hearsay objection is not the same as an objection to a violation of 
confrontation. Holland v. State, 802 S.W.2d 696, 700 (Tex. Crim. App. 
1991); see also Thornton v. State, 994 S.W.2d 845, 853 (Tex. App.—Fort 
Worth 1999, pet. ref’d) (holding that an objection lodged solely as a hearsay 
objection will not preserve error on other grounds).[5]  
Thus, appellant’s complaint on appeal does not comport with his objection at 
trial, so any alleged error is forfeited.  We therefore overrule the 
remainder of appellant’s point challenging the admission of the exhibit at the 
punishment phase of the hearing.
III. Conclusion
        We 
dismiss appellant’s point in part and overrule it in part. We affirm the trial 
court’s judgment.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
  
PANEL 
F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DAUPHINOT, 
J. filed a dissenting opinion
 
PUBLISH
 
DELIVERED: 
May 19, 2005


 

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-352-CR
    
    
MICHAEL 
JOSEPH TATUM                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        I 
agree with the majority that the adjudication of Appellant should be affirmed, 
but I would affirm the adjudication on the basis that the petition to adjudicate 
alleged failure to pay probation fees as a ground for adjudication, and the 
State proved this ground with testimony of a live witness. I respectfully 
dissent from the majority’s analysis of Appellant’s complaints about the 
admission of the Michigan documents because (1) as to adjudication, 
Appellant’s complaint falls outside article 42.12, section 5(b), and (2) as to 
punishment, Appellant adequately preserved his complaints. I would hold that the 
trial court reversibly erred by admitting the documents, violating Appellant’s 
constitutional right to confront the witnesses against him, and would remand for 
a new punishment hearing.
        We 
should either address directly Appellant’s constitutional complaints about the 
admission of the Michigan evidence at the adjudication phase, because they are 
squarely before this court, or we should not reach them at all, because it is 
unnecessary in resolving this case. We should in no event dismiss them. As I 
have stated previously,
   
The cornerstone of the restricted appeal from an adjudication hearing is not 
that the right to appeal is a legislatively created right, as this court has 
erroneously stated in the past. Rather, it is that the constitutionally-grounded 
right to appeal may be regulated by the legislature. Specifically, “in this 
state, the right of appeal is conferred only by the Constitution, with such 
exceptions or limitations as the legislature directs by statute.” 
Constitutional guarantees of due process and equal protection require that once 
the right to appeal a criminal conviction exists, it must be fairly applied.[1]
    
        The 
legislature has prohibited a defendant's questioning the decision to adjudicate.[2]  The legislature has not prohibited his challenging 
the procedure, that is, the propriety of the conduct of the adjudication 
hearing. Were we to continue blindly to adhere to the notion that there are no 
constitutional limits to the legislature's authority to regulate appeals, we 
would be forced to find that the legislature could write into every statute it 
passes that there could be "no appeal challenging the constitutionality of 
this statute."
        To 
hold that the legislature may suspend all constitutional guarantees to persons 
on deferred adjudication community supervision invites capricious and arbitrary 
decisions to adjudicate.[3]  The law is well 
established that, in a criminal case, defendants are entitled to due process in 
community supervision[4] and parole revocation[5] hearings.  Similarly, section 5(b) "does not 
deprive this Court of jurisdiction to determine if a 'hearing' was held that 
satisfied the requirements of substantive and procedural due process."[6]  As an appellate court, we must ensure that 
constitutional protections are honored. In doing so, we are obligated to 
entertain claims regarding a denial of a constitutional right, including the 
right of confrontation of witnesses.[7]
        The 
courts have already recognized that a defendant may challenge the impartiality 
of the judge and the fairness of the adjudication proceeding.[8] 
 Courts have also recognized that a defendant is entitled to effective 
representation by counsel at a hearing on the State’s petition to proceed to 
adjudication.[9]  The constitutional right to 
confront witnesses against the defendant is a no less compelling right. I would 
hold that the trial court erred in admitting and considering the Michigan 
documents contained in State’s Exhibit One.  Clearly their admission 
deprived Appellant of his constitutional right of confrontation.  But I 
would also hold that the error is harmless at the adjudication phase, because 
the adjudication could correctly be based on Appellant’s failure to pay fees.
        I 
would address the merits of Appellant’s complaint at punishment.  As the 
State concedes, when Appellant first lodged his objection, he made it abundantly 
clear that his hearsay objection was an objection to the violation of his right 
to confront the witnesses implicated in State’s Exhibit One,
    

I’m going to be objecting to State’s Exhibit No. 1.  And I would point 
out just as a bit of a housekeeping chore, the evidence will show that 
[Appellant], immediately after being placed on probation, moved to 
Michigan.  The State has not subpoenaed the Michigan probation 
officer.  And I’m left to conclude that they’re going to try to prove 
their case through these business records that they’re introducing.
  
So 
I’m going to object to the business records as being hearsay.  And I have 
a two prong argument as to that.  Certainly the defendant agrees that 
business records can be an exception to hearsay.  Generally business 
records are for matters that are considered reliable such as invoices.  But 
it is an impermissible stretch of business records to use those records to 
substitute for a testimonial witness.  In this case, a probation officer.
  
Let’s 
take the example of business records of a police officer.  Those can 
qualify, made at or near the time by a person with knowledge, so on and so 
forth.  So now do we do away with police officers testifying? I think not.
 
The 
State is attempting to get[] around calling an out-of-state witness. I would 
suggest to the court that were this a capital murder case, the State would have 
that probation officer here. In the case at bar, the witness — the probation 
officer is not unavailable, but rather the State is taking a shortcut.
  
Also 
note that in the business records affidavit that the State is seeking to 
introduce, there is no language in that affidavit that swears to the 
truthfulness of the data in the — State’s Exhibit No. 1. Therefore, without 
cross examination of the probation officer, there is nothing to test the 
reliability of the data.
 
The 
second prong of my argument is that to introduce the documents and not have a 
probation officer here is denial of the defendant’s right to confront his 
accusers which goes against the U.S. Constitution [Six]th Amendment, Texas 
Constitution Article 1[,] Section 10, [and] Texas Code of Criminal Procedure 
Article 1.05.
 
Furthermore, 
to not have the probation officer here is denial of the defendant’s right to 
cross-examine witnesses[,] which is a violation of U.S. Constitution [Six]th 
Amendment, Texas Constitution Article 1[,] Section 10, Texas Code of Criminal 
Procedure Article 1.05, and further violation of Texas rules of evidence . . . 
508, 607, 608, 609, 610, 611, 612, 613, and 615.
 
. 
. . .
 
. 
. . I would [also] argue that Crawford applies to the case in bar, in that the 
State is attempting to use a business record to sit in the witness chair and 
testify against the defendant without the defendant being given the right to 
cross-examine that witness. In other words, the State is trying to get business 
records to go around having the accuser take the stand.
 
When 
there is . . . testimonial evidence, it should be subjected to 
cross-examination. I would argue that the probation officer’s notes set out in 
State’s Exhibit No. 1 go beyond the application meant for a business record. 
They are in fact testimonial. And therefore, the substance of Crawford could 
very well apply in this case.
 
It’s 
for those reasons that I would object to State’s Exhibit No. 1.
     
The 
trial court was and this court is well aware of the nature of Appellant’s 
complaint regarding the Michigan documents. He wanted live witnesses to 
cross-examine. The job of both the trial court and the appellate court is to 
ensure that constitutional safeguards are afforded the defendant. “We should 
be particularly careful to avoid dismissing substantive arguments on overly 
technical procedural grounds” or because of the absence of “magic words.”[10]
        Because 
the majority chooses to base its opinion on dismissal and forfeiture rather than 
addressing Appellant’s substantive arguments, I must respectfully dissent from 
its thoughtful opinion.
 
   
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
  
 
PUBLISH
 
DELIVERED: 
May 19, 2005


 
NOTES
*  Majority Opinion by Justice Livingston; Dissenting Opinion 
by Justice Dauphinot
 
        MAJORITY OPINION NOTES:
1. 
Appellant was allowed to move to Michigan after he was placed on community 
supervision. Appellant left Texas on February 28, 2003, and his probation was 
transferred to Michigan.
2. 
These payments were to be made to the Parker County Community Supervision and 
Corrections Department, regardless of where appellant was residing.
3. 
There was evidence in the exhibit that appellant violated this condition by 
moving in with his girlfriend, who had a ten-year-old child.
4. 
Even if appellant were allowed to appeal the trial court’s decision to proceed 
to adjudication, admission of the exhibit was harmless. See Tex. R. App. P. 44.2(a). Dover testified 
that appellant failed to make several required payments to the Parker County 
Community Supervision and Corrections Department, where payments were still due 
even after his move. Therefore, the trial court could have based its decision to 
proceed to adjudication solely on appellant’s Texas violations of his 
community supervision.
5. 
I do not agree with the dissent when it says the “State concedes” anything 
relevant. Dissenting op. at 5. The State argues appellant’s objection at the revocation 
hearing was thorough and sufficiently specific to preserve a hearsay and 
confrontation objection. The State does not, as the dissent says, concede 
anything about appellant’s objection at the punishment hearing.
        The 
record shows that at the punishment hearing the trial court specifically tried 
to clarify the exact objection counsel was lodging. In response, counsel 
narrowed his objection to, “[H]e’s testifying from hearsay.” In neither 
his preliminary objection at the punishment phase, nor in his attempt to clarify 
his objection, did appellant ever mention his concern regarding his rights of 
confrontation. While he first globally stated he was renewing his prior 
objection that “its hearsay,” we cannot so boldly state, as the dissent 
does, that, “[a]ppellant made it abundantly clear that his hearsay objection 
was an objection to the violation of his right to confront the witnesses 
implicated in State’s Exhibit One.” Dissenting op. at 5. Further, the 
detailed and thorough objection the dissent incorporates into its opinion was 
the preliminary objection appellant made during the hearing on revocation. 
As we have noted, appellant narrowed his objection during the punishment phase 
to the “witness testifying from State’s Exhibit 1.” Further, as the State 
points out in its brief, it re-offered all of the probation officer’s 
testimony from the revocation hearing at the beginning of the punishment hearing 
without objection. We cannot see how the failure to clearly and adequately 
re-apprise the trial court of a constitutional objection one might have is an 
“overly technical ground[].” Dissenting op. at 7.
  
        DISSENTING OPINION NOTES
1. 
Small v. State, 977 S.W.2d 771, 776-77 (Tex. App.—Fort Worth 1998, no 
pet.) (Dauphinot, J., concurring) (footnotes omitted) (citing Rinaldi v. 
Yeager, 384 U.S. 305, 310, 86 S. Ct. 1497, 1500 (1966); Phynes v. State, 
828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Millican v. State, 145 Tex. Crim. 
195, 167 S.W.2d 188, 191 (1943) (op. on reh’g)).
2. 
See Tex. Code Crim. Proc. Ann. art. 
42.12, § 5(b) (Vernon Supp. 2004-05).
3. 
Of course, a writ of habeas corpus under Article 11.07 of the Texas Code of 
Criminal Procedure is always available, but it seems an unnecessary burden to 
place on the Texas Court of Criminal Appeals. Id. art. 11.07 (Vernon 
2005).
4. 
See Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 
(1973); Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 
1979).
5. 
See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972).
6. 
Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 
1987, no pet.); see Gilbert v. State, 852 S.W.2d 623, 625-26 (Tex. 
App.—Amarillo 1993, no pet.) ("[A]rt. 42.12, § 5(b) . . . is not 
intended to preclude challenges to all of the rulings a trial court may 
potentially make in the course of a deferred adjudication proceeding. . . . The 
adjudication hearing must provide a defendant with minimum substantive and 
procedural due process protection."); see also Homan v. Hughes, 708 
S.W.2d 449, 452 (Tex. Crim. App. 1986) ("Nothing in Art. 42.12 . . . 
prohibits appeal of matters unrelated to the determination of guilt after a 
deferred adjudication. In fact, a plain reading of the germane section indicates 
just the opposite."); Earley v. State, 855 S.W.2d 260, 261-63 (Tex. 
App.—Corpus Christi 1993), pet. dism'd, improvidently granted, 872 
S.W.2d 758 (Tex. Crim. App. 1994) (reversing trial court’s revocation of 
straight probation in one case, deferred adjudication probation in two other 
cases, and a conviction in a fourth case because the trial judge predetermined 
the sentences, violating due course of law and due process); De Leon v. State, 
797 S.W.2d 186, 187 (Tex. App.—Corpus Christi 1990, no pet.) ("[A] body 
of decisional law has developed to allow a defendant to raise limited challenges 
to the trial court's decision to adjudicate.").
7. 
See Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 1374 (2004).
8. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)See, e.g., 
Earley, 855 S.W.2d at 262-63.
9. 
See, e.g., Lopez v. State, 96 S.W.3d 406, 416 (Tex. App.—Austin 2002, 
pet. ref’d).
10. 
In re L.M.I., 119 S.W.3d 707, 719 (Tex. 2003) (Owen, J., concurring and 
dissenting), cert. denied, Duenas v. Montegut, 541 U.S. 1043 (2004).