Michael Joseph TATUM, Appellant,

v.

The STATE of Texas, State.

No. 2–04–352–CR.

Court of Appeals of Texas,
Fort Worth.

May 19, 2005.

John Morgan Minton, Fort Worth, TX, for Appellant.

Don Schnebly, District Attorney, and Edward D. Lewallen, Assistant District Attorney, Weatherford, TX, for State.

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellant Michael Joseph Tatum appeals from his conviction for the offense of indecency with a child by sexual contact. In his sole point, appellant argues that the trial court abused its discretion by admitting a business record affidavit and case notes from the Michigan Department of Corrections, which the State offered to prove that appellant failed to comply with the conditions of his community supervision. We affirm the judgment of the trial court.

## II. Background Facts

Appellant entered a negotiated plea of guilty to the offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). Under that agreement, the trial court placed appellant on deferred adjudication community supervision for ten years. On January 28, 2004, the State filed its first amended petition to proceed to adjudication, alleging that appellant had violated several conditions of his community supervision.

At the portion of the revocation hearing regarding the decision to proceed to an adjudication of guilt, the State offered State's Exhibit One, which consisted of a business record affidavit and case notes from the Michigan Department of Corrections.[1] The case notes stated, among other things, that appellant violated the conditions of his community supervision by changing residences without registering as a sex offender, failing to attend classes as part of his sex offender treatment program, and residing in a household in which a child lives without first obtaining permission from his community supervision officer. Appellant objected, arguing that the exhibit was hearsay and that its admission violated his right of confrontation as guaranteed by the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The trial court overruled appellant's objections and admitted the exhibit.

The State then called its only witness, Parker County Community Supervision Officer Steven Dover, who testified that appellant failed to make several court-ordered payments for court costs and restitution.[2] He also testified that he explained to appellant that appellant could not reside in a household where children live without first obtaining permission from the appropriate community supervision officer.[3] After finding that appellant violated the terms of his community supervision, the trial court found appellant guilty of indecency with a child by sexual contact.

At the punishment phase of the hearing, the State recalled Dover, who testified that appellant did poorly on his sex offender treatment program while he was in Michigan. Again, appellant objected, arguing that because Dover was testifying from the previously-objected-to exhibit, he was testifying from hearsay. The trial court overruled appellant's objection and assessed his punishment at ten years' confinement.

## III. Analysis

Appellant argues that the trial court abused its discretion by considering the exhibit both during its determination of whether to proceed to adjudication as well as in the punishment phase of the hearing. Appellant contends that the admission of the exhibit violated his confrontation rights as guaranteed by the U.S. and Texas Constitutions and by the Supreme Court in *Crawford v. Washington. See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

### A. Decision to Proceed to Adjudication

According to article 42.12, section 5(b) of the Texas Code of Criminal Procedure, a

1. Appellant was allowed to move to Michigan after he was placed on community supervision. Appellant left Texas on February 28, 2003, and his probation was transferred to Michigan.

2. These payments were to be made to the Parker County Community Supervision and

Corrections Department, regardless of where appellant was residing.

3. There was evidence in the exhibit that appellant violated this condition by moving in with his girlfriend, who had a ten-year-old child.

defendant who has been placed on deferred adjudication community supervision and who is later accused of violating a condition of his community supervision "is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004–05).

■ In the present case, appellant's first objection to the admissibility of the exhibit in the adjudication phase related to the trial court's decision to adjudicate his guilt. Article 42.12, section 5(b) denies appellant the right to appeal this decision. *See id.; Connolly v. State*, 983 S.W.2d 738, 739 (Tex.Crim.App.1999); *Johnson v. State*, 147 S.W.3d 656, 656 (Tex.App.-Amarillo 2004, no pet.). Therefore, we dismiss appellant's point to the extent that it relates to the admission of the exhibit during the trial court's determination of whether to proceed to adjudication.[4] *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim.App.1992).

## B. Punishment

■ Although article 42.12 denies a defendant the right to appeal from the trial court's decision to adjudicate, nothing prohibits him from appealing issues that arise during the punishment phase of the hearing. *See Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App.2001); *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex.Crim.App. 2001); *McGee v. State*, 124 S.W.3d 253, 256 (Tex.App.-Fort Worth 2003, pet. ref'd); *Jones v. State*, 39 S.W.3d 691, 693 (Tex.

App.-Corpus Christi 2001, no pet.); *Amaro v. State*, 970 S.W.2d 172, 173 (Tex.App.-Fort Worth 1998, no pet.). However, a defendant must still preserve his complaint for appellate review by presenting to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App.1999); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Salazar v. State*, 131 S.W.3d 210, 214 (Tex. App.-Fort Worth 2004, pet. ref'd). Further, the complaint made on appeal must comport with the complaint made in the trial court, or the error is forfeited. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App.2004); *Bell v. State*, 938 S.W.2d 35, 54 (Tex.Crim.App.1996), *cert. denied*, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

■ At the punishment phase of the hearing, the State recalled Dover, who testified that appellant did poorly on his sex offender treatment program while he was in Michigan. The following exchange occurred:

[DEFENSE COUNSEL]: Your Honor, I guess I need—if I could object, I guess I need to renew my objection that this is hearsay. And we'd ask for a running objection.

THE COURT: Well I'm not sure what you're objecting to. You're objecting to this previously admitted Exhibit 1

---

4. Even if appellant were allowed to appeal the trial court's decision to proceed to adjudication, admission of the exhibit was harmless. *See* Tex.R.App. P. 44.2(a). Dover testified that appellant failed to make several required payments to the Parker County Community Su-

pervision and Corrections Department, where payments were still due even after his move. Therefore, the trial court could have based its decision to proceed to adjudication solely on appellant's Texas violations of his community supervision.

or are you objecting to something that he's referring to or hearsay just on what he's saying? What are you specifically objecting to?

[DEFENSE COUNSEL]: I'm specifically objecting to the witness testifying from State's Exhibit No. 1 because he's testifying from hearsay.

Here, appellant objected to Dover's testimony regarding appellant's performance in his sex offender treatment program. Specifically, appellant argued that Dover was testifying from the exhibit, which constituted hearsay. On appeal, however, appellant contends that the admission of the affidavit denied him his right of confrontation.

A hearsay objection is not the same as an objection to a violation of confrontation. *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim.App.1991); *see also Thornton v. State*, 994 S.W.2d 845, 853 (Tex.App.-Fort Worth 1999, pet. ref'd) (holding that an objection lodged solely as a hearsay objection will not preserve error on other grounds).[5] Thus, appellant's complaint on appeal does not comport with his objection at trial, so any alleged error is forfeited.

We therefore overrule the remainder of appellant's point challenging the admission of the exhibit at the punishment phase of the hearing.

## III. Conclusion

We dismiss appellant's point in part and overrule it in part. We affirm the trial court's judgment.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

I agree with the majority that the adjudication of Appellant should be affirmed, but I would affirm the adjudication on the basis that the petition to adjudicate alleged failure to pay probation fees as a ground for adjudication, and the State proved this ground with testimony of a live witness. I respectfully dissent from the majority's analysis of Appellant's complaints about the admission of the Michigan documents because (1) as to adjudication, Appellant's complaint falls outside article 42.12, section 5(b), and (2) as to punishment, Appellant adequately preserved his complaints. I

---

5. I do not agree with the dissent when it says the "State concedes" anything relevant. Dissenting op. at 367. The State argues appellant's objection at the *revocation hearing* was thorough and sufficiently specific to preserve a hearsay and confrontation objection. The State does not, as the dissent says, concede anything about appellant's objection at the punishment hearing.

The record shows that at the punishment hearing the trial court specifically tried to clarify the exact objection counsel was lodging. In response, counsel narrowed his objection to, "[H]e's testifying from hearsay." In neither his preliminary objection at the punishment phase, nor in his attempt to clarify his objection, did appellant ever mention his concern regarding his rights of confrontation. While he first globally stated he was renewing his prior objection that "its hearsay," we cannot so boldly state, as the dissent

does, that, "[a]ppellant made it abundantly clear that his hearsay objection was an objection to the violation of his right to confront the witnesses implicated in State's Exhibit One." Dissenting op. at ——. Further, the detailed and thorough objection the dissent incorporates into its opinion was the preliminary objection appellant made *during the hearing on revocation.* As we have noted, appellant narrowed his objection during the punishment phase to the "witness testifying from State's Exhibit 1." Further, as the State points out in its brief, it re-offered all of the probation officer's testimony from the revocation hearing at the beginning of the punishment hearing without objection. We cannot see how the failure to clearly and adequately re-apprise the trial court of a constitutional objection one might have is an "overly technical ground[ ]." Dissenting op. at 368.

would hold that the trial court reversibly erred by admitting the documents, violating Appellant's constitutional right to confront the witnesses against him, and would remand for a new punishment hearing.

We should either address directly Appellant's constitutional complaints about the admission of the Michigan evidence at the adjudication phase, because they are squarely before this court, or we should not reach them at all, because it is unnecessary in resolving this case. We should in no event dismiss them. As I have stated previously,

> The cornerstone of the restricted appeal from an adjudication hearing is not that the right to appeal is a legislatively created right, as this court has erroneously stated in the past. Rather, it is that the constitutionally-grounded right to appeal may be regulated by the legislature. Specifically, "in this state, the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute." Constitutional guarantees of due process and equal protection require that once the right to appeal a criminal

conviction exists, it must be fairly applied.[1]

The legislature has prohibited a defendant's questioning the decision to adjudicate.[2] The legislature has not prohibited his challenging the procedure, that is, the propriety of the conduct of the adjudication hearing. Were we to continue blindly to adhere to the notion that there are no constitutional limits to the legislature's authority to regulate appeals, we would be forced to find that the legislature could write into every statute it passes that there could be "no appeal challenging the constitutionality of this statute."

To hold that the legislature may suspend all constitutional guarantees to persons on deferred adjudication community supervision invites capricious and arbitrary decisions to adjudicate.[3] The law is well established that, in a criminal case, defendants are entitled to due process in community supervision[4] and parole revocation[5] hearings. Similarly, section 5(b) "does not deprive this Court of jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."[6] As an appellate

---

1. *Small v. State*, 977 S.W.2d 771, 776–77 (Tex.App.-Fort Worth 1998, no pet.) (Dauphinot, J., concurring) (footnotes omitted) (citing *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992); *Millican v. State*, 145 Tex.Crim. 195, 167 S.W.2d 188, 191 (1943) (op. on reh'g)).

2. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004–05).

3. Of course, a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure is always available, but it seems an unnecessary burden to place on the Texas Court of Criminal Appeals. *Id.* art. 11.07 (Vernon 2005).

4. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656

(1973); *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim.App. [Panel Op.] 1979).

5. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

6. *Eldridge v. State*, 731 S.W.2d 618, 619 (Tex. App.-Houston [1st Dist.] 1987, no pet.); *see Gilbert v. State*, 852 S.W.2d 623, 625–26 (Tex. App.-Amarillo 1993, no pet.) ("[A]rt.42.12, § 5(b) ... is not intended to preclude challenges to all of the rulings a trial court may potentially make in the course of a deferred adjudication proceeding.... The adjudication hearing must provide a defendant with minimum substantive and procedural due process protection."); *see also Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986) ("Nothing in Art. 42.12 ... prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain

court, we must ensure that constitutional protections are honored. In doing so, we are obligated to entertain claims regarding a denial of a constitutional right, including the right of confrontation of witnesses.[7]

The courts have already recognized that a defendant may challenge the impartiality of the judge and the fairness of the adjudication proceeding.[8] Courts have also recognized that a defendant is entitled to effective representation by counsel at a hearing on the State's petition to proceed to adjudication.[9] The constitutional right to confront witnesses against the defendant is a no less compelling right. I would hold that the trial court erred in admitting and considering the Michigan documents contained in State's Exhibit One. Clearly their admission deprived Appellant of his constitutional right of confrontation. But I would also hold that the error is harmless at the adjudication phase, because the adjudication could correctly be based on Appellant's failure to pay fees.

I would address the merits of Appellant's complaint at punishment. As the State concedes, when Appellant first lodged his objection, he made it abundantly clear that his hearsay objection was an objection to the violation of his right to confront the witnesses implicated in State's Exhibit One,

I'm going to be objecting to State's Exhibit No. 1. And I would point out just as a bit of a housekeeping chore, the

evidence will show that [Appellant], immediately after being placed on probation, moved to Michigan. The State has not subpoenaed the Michigan probation officer. And I'm left to conclude that they're going to try to prove their case through these business records that they're introducing.

So I'm going to object to the business records as being hearsay. And I have a two prong argument as to that. Certainly the defendant agrees that business records can be an exception to hearsay. Generally business records are for matters that are considered reliable such as invoices. But it is an impermissible stretch of business records to use those records to substitute for a testimonial witness. In this case, a probation officer.

Let's take the example of business records of a police officer. Those can qualify, made at or near the time by a person with knowledge, so on and so forth. So now do we do away with police officers testifying? I think not.

The State is attempting to get[ ] around calling an out-of-state witness. I would suggest to the court that were this a capital murder case, the State would have that probation officer here. In the case at bar, the witness—the probation officer is not unavailable, but rather the State is taking a shortcut.

reading of the germane section indicates just the opposite."); *Earley v. State*, 855 S.W.2d 260, 261–63 (Tex.App.-Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex.Crim.App.1994) (reversing trial court's revocation of straight probation in one case, deferred adjudication probation in two other cases, and a conviction in a fourth case because the trial judge predetermined the sentences, violating due course of law and due process); *De Leon v. State*, 797 S.W.2d 186, 187 (Tex.App.-Corpus Christi 1990, no pet.) ("[A] body of decisional law has devel-

oped to allow a defendant to raise limited challenges to the trial court's decision to adjudicate.").

7. *See Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004).

8. *See, e.g., Earley*, 855 S.W.2d at 262–63.

9. *See, e.g., Lopez v. State*, 96 S.W.3d 406, 416 (Tex.App.-Austin 2002, pet. ref'd).

Also note that in the business records affidavit that the State is seeking to introduce, there is no language in that affidavit that swears to the truthfulness of the data in the—State's Exhibit No. 1. Therefore, without cross examination of the probation officer, there is nothing to test the reliability of the data.

The second prong of my argument is that to introduce the documents and not have a probation officer here is denial of the defendant's right to confront his accusers which goes against the U.S. Constitution [Six]th Amendment, Texas Constitution Article 1[,] Section 10, [and] Texas Code of Criminal Procedure Article 1.05.

Furthermore, to not have the probation officer here is denial of the defendant's right to cross-examine witnesses[,] which is a violation of U.S. Constitution [Six]th Amendment, Texas Constitution Article 1[,] Section 10, Texas Code of Criminal Procedure Article 1.05, and further violation of Texas rules of evidence ... 508, 607, 608, 609, 610, 611, 612, 613, and 615.

. . . .

... I would [also] argue that Crawford applies to the case in bar, in that the State is attempting to use a business record to sit in the witness chair and testify against the defendant without the defendant being given the right to cross-examine that witness. In other words, the State is trying to get business records to go around having the accuser take the stand.

When there is ... testimonial evidence, it should be subjected to cross-examination. I would argue that the probation officer's notes set out in State's Exhibit No. 1 go beyond the

application meant for a business record. They are in fact testimonial. And therefore, the substance of Crawford could very well apply in this case.

It's for those reasons that I would object to State's Exhibit No. 1.

The trial court was and this court is well aware of the nature of Appellant's complaint regarding the Michigan documents. He wanted live witnesses to cross-examine. The job of both the trial court and the appellate court is to ensure that constitutional safeguards are afforded the defendant. "We should be particularly careful to avoid dismissing substantive arguments on overly technical procedural grounds" or because of the absence of "magic words." [10]

Because the majority chooses to base its opinion on dismissal and forfeiture rather than addressing Appellant's substantive arguments, I must respectfully dissent from its thoughtful opinion.

---

10. *In re L.M.I.,* 119 S.W.3d 707, 719 (Tex. 2003) (Owen, J., concurring and dissenting), *cert. denied, Duenas v. Montegut,* 541 U.S. 1043, 124 S.Ct. 2175, 158 L.Ed.2d 733 (2004).