BROWN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-211-CR

BILLY RAY BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Billy Ray Brown appeals his thirty-year sentence imposed after the trial court adjudicated him guilty of aggravated sexual assault.  In his sole point, appellant contends that although the sentence was within the statutory range of punishment, it was not warranted by the facts of the case or by the nature of the community service violations he committed.  We affirm.

II.  Background Facts

 On July 25, 2003, appellant pled guilty to aggravated sexual assault.  Pursuant to the plea agreement with the State, the trial court placed appellant on deferred adjudication community supervision for seven years.  The State filed a motion to proceed with adjudication of guilt after appellant failed to meet certain requirements of his community supervision.

At the February 25, 2005 hearing on the State’s motion, appellant pled not true to all of the State’s allegations.  The State alleged the following:  (1) appellant failed to provide proof that he paid restitution; (2) appellant failed to pay court costs, supervision fees, Crime Stopper fees, sexual offender fees, and attorney reimbursement fees; and (3) appellant failed to report to a supervising sexual offender program.

Michael Richards, a community supervision officer in Wichita County, testified that appellant failed to comply with the conditions of his community supervision.  Specifically, Richards stated that appellant failed to (1) complete his community service, (2) provide written proof that he completed his required community service work each month, and (3) pay various costs.  Additionally, Ron Perrett, a contractor with Wichita County in the sexual offender treatment program, testified that appellant attended only thirty-one out of sixty-two individual and group sessions as required by the terms of his community supervision.

Appellant testified that he was diagnosed with high blood pressure and arthritis in both knees.  He stated that he did not complete his community service because of these health problems.  However, during this time, appellant continued to work in a manual labor job twenty hours per week until his arrest for violating his community supervision. 

At the hearing, appellant conceded that he called, but never spoke to, the supervisor at the city fleet maintenance department to set up an appointment to begin his assigned community service.  He testified that he could not make it to the fleet maintenance department because it was too far from his house and he did not have a car.  Additionally, appellant stated that he did not ask his community service supervisor to assign him to another job because of his health problems.  Further, appellant conceded that he was behind 140 hours in community service and he missed some reporting periods with his community supervision officer.

III. Analysis

Article 42.12 of the code of criminal procedure denies a defendant the right to appeal from the trial court’s decision to adjudicate, but nothing prohibits him from appealing issues that arise during the punishment phase of the hearing.  
Tex. Code Crim. Proc. Ann.
 art. 42.12 (Vernon Supp. 2005); 
Kirtley v. State
, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); 
Tatum v. State
, 166 S.W.3d 362, 364 (Tex. App.སྭFort Worth 2005, pet. ref’d).  However, a defendant must still preserve his complaint for appellate review by presenting to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Hardeman v. State
, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); 
Tatum
, 166 S.W.3d at 364.  Further, the complaint made on appeal must comport with the complaint made in the trial court, or the error is forfeited.  
See Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Tatum
, 166 S.W.3d at 364.  

Appellant cites one case for the proposition that the trial court cannot predetermine a sentence before receiving evidence presented at the hearing.  
See Earley v. State
, 855 S.W.2d 260, 261 (Tex. App.སྭCorpus Christi 1993),
 pet. dism’d, improvidently granted
, 872 S.W.2d 758 (Tex. Crim. App. 1994).  However, in his brief, appellant concedes that there is “no evidence in the record to even suggest that the trial court had predetermined the sentence appellant ultimately received.” 

Additionally, appellant complains that the trial court did not make an informed decision based on the evidence presented at the hearing because it did not take into account the nature of the underlying offense (one-time digital penetration), the technical nature of community supervision violations, and evidence that appellant had a severe mental disorder.  However, at the hearing, appellant failed to object to the sentence imposed by the trial court, thereby failing to preserve error and forfeiting appellate review of this point.  We overrule appellant’s sole point. 

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH`

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.