COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-211-CR

 

 

BILLY RAY BROWN                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Billy Ray Brown
appeals his thirty-year sentence imposed after the trial court adjudicated him
guilty of aggravated sexual assault.  In
his sole point, appellant contends that although the sentence was within the
statutory range of punishment, it was not warranted by the facts of the case or
by the nature of the community service violations he committed.  We affirm.








II.  Background Facts

 On July 25, 2003, appellant pled guilty to
aggravated sexual assault.  Pursuant to
the plea agreement with the State, the trial court placed appellant on deferred
adjudication community supervision for seven years.  The State filed a motion to proceed with
adjudication of guilt after appellant failed to meet certain requirements of
his community supervision.

At the February 25, 2005
hearing on the State=s motion,
appellant pled not true to all of the State=s allegations.  The State
alleged the following:  (1) appellant
failed to provide proof that he paid restitution; (2) appellant failed to pay
court costs, supervision fees, Crime Stopper fees, sexual offender fees, and
attorney reimbursement fees; and (3) appellant failed to report to a
supervising sexual offender program.








Michael Richards, a community
supervision officer in Wichita County, testified that appellant failed to
comply with the conditions of his community supervision.  Specifically, Richards stated that appellant
failed to (1) complete his community service, (2) provide written proof that he
completed his required community service work each month, and (3) pay various
costs.  Additionally, Ron Perrett, a
contractor with Wichita County in the sexual offender treatment program,
testified that appellant attended only thirty-one out of sixty-two individual
and group sessions as required by the terms of his community supervision.

Appellant testified that he
was diagnosed with high blood pressure and arthritis in both knees.  He stated that he did not complete his
community service because of these health problems.  However, during this time, appellant
continued to work in a manual labor job twenty hours per week until his arrest
for violating his community supervision. 

At the hearing, appellant
conceded that he called, but never spoke to, the supervisor at the city fleet
maintenance department to set up an appointment to begin his assigned community
service.  He testified that he could not
make it to the fleet maintenance department because it was too far from his
house and he did not have a car. 
Additionally, appellant stated that he did not ask his community service
supervisor to assign him to another job because of his health problems.  Further, appellant conceded that he was
behind 140 hours in community service and he missed some reporting periods with
his community supervision officer.

III. Analysis








Article 42.12 of the code of
criminal procedure denies a defendant the right to appeal from the trial court=s decision to adjudicate, but nothing prohibits him from appealing
issues that arise during the punishment phase of the hearing.  Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2005); Kirtley v.
State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); Tatum v. State, 166
S.W.3d 362, 364 (Tex. App._Fort Worth 2005, pet. ref=d).  However, a defendant must
still preserve his complaint for appellate review by presenting to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  See
Tex. R. App. P. 33.1(a)(1); Hardeman
v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Tatum, 166
S.W.3d at 364.  Further, the complaint
made on appeal must comport with the complaint made in the trial court, or the
error is forfeited.  See Heidelberg v.
State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Tatum, 166 S.W.3d
at 364.  

Appellant cites one case for
the proposition that the trial court cannot predetermine a sentence before
receiving evidence presented at the hearing. 
See Earley v. State, 855 S.W.2d 260, 261 (Tex. App._Corpus
Christi 1993), pet. dism=d, improvidently granted, 872 S.W.2d
758 (Tex. Crim. App. 1994).  However, in
his brief, appellant concedes that there is Ano evidence in the record to even suggest that the trial court had
predetermined the sentence appellant ultimately received.@ 








Additionally, appellant
complains that the trial court did not make an informed decision based on the
evidence presented at the hearing because it did not take into account the
nature of the underlying offense (one-time digital penetration), the technical
nature of community supervision violations, and evidence that appellant had a
severe mental disorder.  However, at the
hearing, appellant failed to object to the sentence imposed by the trial court,
thereby failing to preserve error and forfeiting appellate review of this
point.  We overrule appellant=s sole point. 

IV.  Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH`

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 12, 2006











[1]See Tex. R. App. P. 47.4.