NO. 12-04-00332-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TAVONTI NEIGALE SESSIONS,                    §                APPEAL FROM THE 294TH
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                VAN ZANDT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Tavonti Neigale Sessions appeals the trial court’s order revoking his deferred adjudication 
community supervision. Appellant raises six issues on appeal challenging evidentiary sufficiency. 
We dismiss this appeal for want of jurisdiction.
 
Background
            Appellant pleaded guilty to aggravated sexual assault of a child, a first degree felony, on
February 4, 2003. The trial court found that the evidence substantiated Appellant’s guilt, but deferred
a finding of guilt and, instead, placed him on community supervision for ten years and assessed a
$2,500.00 fine. On May 14, 2004, the State filed a motion to adjudicate and revoke Appellant’s
community supervision based on its assertions that Appellant had violated the terms and conditions of
his community supervision. Specifically, the State asserted that Appellant had violated the conditions
of his community supervision by committing theft; failing to pay court costs, probation fees, and fines;
failing to perform community service; contacting minors unsupervised and without proper consent;
failing to register as a sex offender; failing to complete psychological counseling; and going within one
thousand yards of places where children gather. The court conducted a hearing on the motion on
September 8, 2004.
            At the hearing, Appellant pleaded true to eight of the twelve allegations of community
supervision violations. The State called a community supervision officer who testified about
Appellant’s failure to comply with the terms of his community supervision as alleged in the revocation
motion. Appellant then testified on his own behalf. After considering a presentence investigation
report, the court found that Appellant violated the terms and conditions of his community supervision. 
Consequently, the court revoked Appellant’s community supervision and sentenced him to
imprisonment for life. This appeal followed.
 
Adjudication of Guilt
            In six issues, Appellant contends that the evidence is legally insufficient to support the trial
court’s revocation of his deferred adjudication community supervision. Specifically, Appellant asserts
that the evidence is insufficient to show that he violated his community supervision by committing
forgery, failing to perform community service, failing to register as a sex offender, failing to attend
counseling, and violating the one thousand yard rule requirement. He further asserts that “inability to
pay” is a defense to his failure to pay fines, court costs, and probation fees.
            The Texas Code of Criminal Procedure provides that a defendant may not appeal a trial court’s
determination to proceed with an adjudication of guilt after a trial court concludes that the defendant
failed to comply with the conditions of community supervision. Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2005). Thus, Appellant’s challenge to the sufficiency of the evidence is
not appealable because it relates solely to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge. See Hargesheimer v. State, 2006 WL 120009, at *2
(Tex. Crim. App. 2006); Tatum v. State, 166 S.W.3d 362, 363-64 (Tex. App.–Fort Worth 2005, pet.
denied). Therefore, we are without jurisdiction to consider the merits of whether the trial court erred
in revoking its deferred adjudication community supervision conditions. 
 
Disposition
            We lack jurisdiction to consider Appellant’s six issues. Accordingly, we dismiss this appeal
for want of jurisdiction.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered January 31, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)