NO.
12-05-00186-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

HECTOR RANCON SANDOVAL, §          APPEAL
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Hector Rancon Sandoval appeals the
trial court’s order revoking his deferred adjudication  community supervision.  Appellant raises two issues on appeal
challenging evidentiary sufficiency.  We
dismiss for want of jurisdiction.

Background

            Appellant
pleaded guilty to sexual assault, a second degree felony, on February 7,
2005.  On March 7, 2005, the trial court
found that the evidence substantiated Appellant’s guilt.  However, pursuant to a plea bargain, the
trial court deferred a finding of guilt and placed Appellant on community
supervision for ten years.  On March 24,
2005, the State filed a motion to adjudicate and revoke Appellant’s community
supervision based on its assertions that Appellant had violated the terms and
conditions of his community supervision. 
Specifically, the State asserted that Appellant had violated the
conditions of his community supervision by committing a terroristic threat
against his probation officer, David Wood. 
The court conducted a hearing on the motion on April 22, 2005.             








            At the
hearing, Appellant pleaded “true” that he was the same person placed on
deferred adjudication, but pleaded “not true” that he violated his probation by
committing a terroristic threat against Wood. 
The State called Wood, a community supervision officer for Smith County,
who testified about Appellant’s failure to comply with the terms of his
community supervision as alleged in the revocation motion.  Specifically, Wood stated that Appellant made
a  threat against him by saying that he
noticed there was no security at Wood’s office and that “somebody could do
something like what happened at the courthouse the other day.”[1]  When Wood asked
Appellant what he meant, he said, “Well, not me.  I’m a good person.  I wouldn’t do something like that.  But it could happen.”  While patting his black backpack, Appellant
then said, “I carry my backpack with me everywhere.”  Wood testified that he felt threatened and
that Appellant implied he had a weapon in his bag.  

            Appellant
then testified on his own behalf.  He
denied carrying a weapon or that he intended to cause Wood any harm or any fear
of harm.  After considering a presentence
investigation report, the court found that Appellant violated the terms and
conditions of his community supervision. 
Consequently, the court revoked Appellant’s community supervision and
sentenced him to imprisonment for twenty years. 
This appeal followed.

 

Adjudication of Guilt

            In two
issues, Appellant contends that the evidence is legally and factually
insufficient to support the trial court’s revocation of his deferred
adjudication community supervision. 
Specifically, Appellant asserts that the evidence is insufficient to
show that he violated his community supervision by committing a terroristic
threat against his community supervisor officer.       The
Texas Code of Criminal Procedure provides that a defendant may not appeal a
trial court’s determination to proceed with an adjudication of guilt after a
trial court concludes that the defendant failed to comply with the conditions
of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12 §
5(b) (Vernon Supp. 2005).   Thus,
Appellant’s challenge to the sufficiency of the evidence is not appealable
because it relates solely to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  See Hargesheimer v. State, 182
S.W.3d 906, 909 (Tex. Crim. App. 2006); Tatum v. State, 166
S.W.3d 362, 363-64 (Tex. App.–Fort Worth 2005, pet. denied).  Therefore, we are without jurisdiction to
consider the merits of whether the trial court erred in revoking Appellant’s
deferred adjudication community supervision. 

 

Disposition

            We lack jurisdiction to consider
Appellant’s two issues.  Accordingly, we dismiss
this appeal for want of jurisdiction. 

 

            

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered May 26, 2006.

Panel consisted
of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] A disgruntled defendant opened gunfire on the Smith County Courthouse
on February 24, 2005, killing two people and injuring several others.