COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-06-462-CR 

      
2-06-463-CR

 

 

AMY SUZANNE MATHIS                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I. Introduction

In one point, Appellant Amy Suzanne Mathis
appeals the revocation of her probation. 
We dismiss her appeal. 

 

 








II. Factual and Procedural History

On December 19, 2005, Appellant pleaded guilty to
charges of possession with intent to deliver a controlled substance of less
than one gram and possession of a controlled substance of less than one
gram.  In each case, the court deferred
adjudication of Appellant=s guilt and placed Appellant on community
supervision for three years. 

On November 21, 2006, the State filed a second
petition to adjudicate, alleging that Appellant had violated the terms of her
community supervision by committing a new offense.  Appellant pleaded not true to the State=s motion
to revoke.  However, the trial court
found the allegation to be true, revoked Appellant=s
community supervision, adjudicated her guilt, and sentenced her to two years=
confinement in each case with the sentences to run concurrently. 

In Appellant=s sole
issue on appeal, she argues that the evidence was insufficient to allow the
revocation of her community supervision when the evidence failed to show
ownership of the property allegedly taken from the Kroger store. 

III. Applicable Law and Analysis








In a case involving revocation of deferred
adjudication community supervision, case law limits our independent review to
potential errors not involving the decision to adjudicate and potential errors
occurring after adjudication.[2]  See Davis v. State, 195 S.W.3d 708,
710 (Tex. Crim. App. 2006).  

According to article 42.12, section 5(b) of the
Texas Code of Criminal Procedure, a defendant who has been placed on deferred
adjudication community supervision and who is later accused of violating a
condition of her community supervision Ais
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.@ Tex. Code Crim. Proc. Ann. art. 42.12, '
5(b).  A defendant cannot appeal the
trial court=s decision to adjudicate
guilt.  Hargesheimer v. State, 182
S.W.3d 906, 912 (Tex. Crim. App. 2006). 








In the present case, Appellant=s sole
issue is related to the trial court=s
decision to adjudicate her guilt. 
Article 42.12, section 5(b) denies Appellant the right to appeal this
decision.  See Tex. Code Crim. Proc. Ann. art. 42.12; Connolly
v. State, 983 S.W.2d 738, 739 (Tex. Crim. App. 1999); Tatum v. State,
166 S.W.3d 362, 364 (Tex. App.CFort
Worth 2005, pet. ref=d).  Therefore, we dismiss Appellant=s
appeal.  See Tatum, 166 S.W.3d at
364.

 

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 20, 2008

 











[1]See Tex.
R. App. P.
47.4.





[2]Effective June 15, 2007,
the legislature amended article 42.12, section 5(b) of the code of criminal
procedure to omit the provision that no appeal may be taken from a trial court=s determination
adjudicating guilt and to provide that an appellate court can review a trial
court=s revocation of deferred
adjudication in the same manner as a revocation hearing in which the trial
court had not deferred an adjudication of guilt.  See Act of May 29, 2007, 80th Leg.,
R.S., ch. 1308, '5, 2007 Tex. Gen. Laws
4395, 4397 (codified at Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).  Appellant=s guilt was adjudicated in December 2006,
however, so this amendment does not apply to this case.