

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 2-06-462-CR
### 2-06-463-CR

AMY SUZANNE MATHIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Amy Suzanne Mathis appeals the revocation of her probation. We dismiss her appeal.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural History

On December 19, 2005, Appellant pleaded guilty to charges of possession with intent to deliver a controlled substance of less than one gram and possession of a controlled substance of less than one gram. In each case, the court deferred adjudication of Appellant's guilt and placed Appellant on community supervision for three years.

On November 21, 2006, the State filed a second petition to adjudicate, alleging that Appellant had violated the terms of her community supervision by committing a new offense. Appellant pleaded not true to the State's motion to revoke. However, the trial court found the allegation to be true, revoked Appellant's community supervision, adjudicated her guilt, and sentenced her to two years' confinement in each case with the sentences to run concurrently.

In Appellant's sole issue on appeal, she argues that the evidence was insufficient to allow the revocation of her community supervision when the evidence failed to show ownership of the property allegedly taken from the Kroger store.

## III. Applicable Law and Analysis

In a case involving revocation of deferred adjudication community supervision, case law limits our independent review to potential errors not involving the decision to adjudicate and potential errors occurring after

adjudication.[2]  *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

According to article 42.12, section 5(b) of the Texas Code of Criminal Procedure, a defendant who has been placed on deferred adjudication community supervision and who is later accused of violating a condition of her community supervision "is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b).  A defendant cannot appeal the trial court's decision to adjudicate guilt. *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006).

In the present case, Appellant's sole issue is related to the trial court's decision to adjudicate her guilt.  Article 42.12, section 5(b) denies Appellant the right to appeal this decision.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12; *Connolly v. State*, 983 S.W.2d 738, 739 (Tex. Crim. App. 1999); *Tatum v.*

---

[2] Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's determination adjudicating guilt and to provide that an appellate court can review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt. *See* Act of May 29, 2007, 80th Leg., R.S., ch. 1308, §5, 2007 Tex. Gen. Laws 4395, 4397 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).  Appellant's guilt was adjudicated in December 2006, however, so this amendment does not apply to this case.

*State*, 166 S.W.3d 362, 364 (Tex. App.—Fort Worth 2005, pet. ref'd).

Therefore, we dismiss Appellant's appeal. *See Tatum*, 166 S.W.3d at 364.


                                        BOB MCCOY
                                        JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 20, 2008